Srp 2015-1, LLC v Thomas (2020 NY Slip Op 04804)





Srp 2015-1, LLC v Thomas


2020 NY Slip Op 04804


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-13248
 (Index No. 2395/16)

[*1]SRP 2015-1, LLC, respondent, 
v
Joshua Thomas, et al., appellants, et al., defendants.


Citak & Citak, New York, NY (Donald L. Citak and Christopher Palmieri of counsel), for appellants.
Richland & Falkowski, PLLC, Astoria, NY (Michal Falkowski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joshua Thomas and Norma Thomas appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 29, 2018. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Joshua Thomas and Norma Thomas (hereinafter together the defendants) to foreclose a mortgage on certain property in Massapequa. The plaintiff agreed to an extension of the defendants' time to answer the complaint until May 20, 2016. The defendants did not serve their answer until June 3, 2016, and the plaintiff rejected the answer as untimely. The defendants subsequently moved for leave to serve a late answer and to compel the plaintiff to accept service thereof. The Supreme Court denied the motion. The court subsequently issued a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendants appeal.
"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Nationstar Mtge., LLC v Bailey, 175 AD3d 697, 698). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796). Law office failure may constitute a reasonable excuse (see CPLR 2005). However, "[c]onclusory and unsubstantiated allegations of law office failure are not sufficient," and "[m]ere neglect is not a reasonable excuse" (Torres v Rely on Us, Inc., 165 AD3d 731, 733 [internal quotation marks omitted]).
We agree with the Supreme Court's denial of the defendants' motion on the basis that they did not demonstrate a reasonable excuse for their failure to comply with the May 20, 2016, deadline to answer the complaint. The defendants' failure to comply with this deadline was a result [*2]of their and their attorney's "[m]ere neglect" of the case, which was "not a reasonable excuse" (id. at 733 [internal quotation marks omitted]). Specifically, the defendants neglected the case by failing, for unexplained reasons, to retain their attorney until the day their answer was due under the extension that the plaintiff had granted (see id.). Their attorney then neglected their case by failing to answer for another two weeks. Counsel failed to provide a detailed or substantiated explanation as to why he could not have arranged for the answer to be prepared and served on or immediately after May 20, 2016 (see id.).
Since we agree with the Supreme Court's denial of the defendants' motion on the basis that they failed to establish a reasonable excuse for their untimely answer, we need not consider whether they demonstrated the existence of a potentially meritorious defense (see id.).
The parties' remaining arguments either are without merit, or are raised for the first time on appeal and thus, are not properly before this Court (see Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048).
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court